# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| **Ohio Steel Industries, Inc.** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 2:15-cv-82 |
| **Oxcart Products, LLC,** | ) |
| **GTM Products, LLC, and** | ) |
| **Todd Francis Dechant** | ) |
| | ) |
| **Defendants** | ) |

### COMPLAINT FOR PATENT INFRINGEMENT, FALSE ADVERTISING AND DECEPTIVE TRADE PRACTICES

Plaintiff Ohio Steel Industries, Inc. ("Ohio Steel"), by and for its Complaint for patent infringement, false advertising and deceptive trade practices against Defendants Oxcart Products, LLC ("Oxcart"), GTM Products ("GTM"), and Todd Francis Dechant ("Dechant"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement of Ohio Steel's U.S. Patent No. 8,496,298 ("the '298 Patent") directed to a lawn and garden cart with a pivoting dump bed.

### THE PARTIES

2. Ohio Steel is a corporation organized and existing under the laws of the State of Ohio, with its corporate headquarters at 2577 Ferris Road, Columbus OH 43224.

3. Ohio Steel is engaged in researching, developing, manufacturing, and selling lawn and garden equipment under its own name as well as labeling the equipment for sale by third parties.

1

Ohio Steel has developed a unique lawn and garden cart having a pivoting dump bed for which it was granted the '298 Patent on July 30, 2013.

4. Oxcart is a Kansas limited liability company having its principal place of business listed at 7526 E. Norfolk Circle, Wichita KS 67206.

5. GTM is a Kansas limited liability company having its principal place of business listed at 7526 E. Norfolk Circle, Wichita KS 67206, as well.

6. Dechant is an individual residing at the same 7526 E. Norfolk Circle, Wichita KS 67206 address and, on information and belief, is a principal in both Oxcart and GTM.

7. Collectively the defendants have developed, manufactured or had manufactured and offered for sale a lawn and garden cart under the name "Oxcart" incorporating the patented features of the '298 Patent. The defendants have also purposefully directed their advertising activities towards customers in Ohio by soliciting sales of the Oxcart via the internet directly by the defendants and third party retailers.

## JURISDICTION, VENUE, AND JOINDER

8. This civil action for patent infringement arises under the Patent Laws of the United States, Title 35, United States Code. This civil action for trade disparagement and deceptive trade practices arises under the Trademark Laws of the United States, Title 15, United States Code and under Ohio Law, ORC 4165.

9. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

11. This Court has personal jurisdiction over defendants.

12. Defendants are properly joined in this action under 35 U.S.C. § 299.

## COUNT I

## DIRECT PATENT INFRINGEMENT

13. On July 30, 2013, U.S. Patent No. 8,496,298, entitled "Lawn and Garden Cart with Pivotable Tow Bar and Container," was duly and lawfully issued to Ohio Steel by the United States Patent and Trademark Office ("PTO"). By recorded assignment Ohio Steel owns the '298 Patent and holds all right, title, and interest in the '298 Patent, including the rights to sue for infringement, to seek damages and injunctive relief and to grant licenses.

14. The '298 Patent discloses and claims a garden cart with a dump bed that pivots in two axes so a load may be dumped at multiple angles about a centerline of the cart's tow bar.

15. On information and belief, defendants have either individually or collectively, directly infringed at least one claim of the '298 Patent under 35 U.S.C. § 271(g) by making, having made, offering to sell, selling, importing or using within the United States at least one model of a dual axis lawn and garden cart (the "Accused Product").

16. Defendants have not been granted a license or other authorization to use the inventions described and claimed in the '298 Patent.

17. Around March 15, 2013, defendant GTM sought patent protection on its Oxcart version of a dual axis lawn and garden cart and reported to the PTO the plaintiff's previously published and pending patent application as prior art on July 30, 2013, the same day that the plaintiff's '298 Patent issued. Defendant Dechant is listed as an inventor on that application. On information and belief, defendant GTM was monitoring Ohio Steel's patent application and knew that the '298 Patent was scheduled to issue on July 30, 2013. In view of its knowledge of the plaintiff's pending application and resulting '298 Patent the defendants' acts of infringement have been willful and made with knowledge of Ohio Steel's rights in the '298 Patent.

## COUNT II

### ACTIVE INDUCEMENT OF INFRINGEMENT

18.     Ohio Steel incorporates by reference the allegations of paragraphs 1-17 of this Complaint as if fully set forth herein.

19.     In 2014, defendants began making or having made, using, selling and offering to sell the Accused Product directly via the Internet and through various retail outlets, such as Kmart, Sears, Power Equipment Direct, Mowers Direct and others. On information and belief, defendants are presently soliciting at least one of plaintiff's OEM customers to supply them with the Accused Product.

20.     Retailers, customers, and others who manufacture on behalf of the defendants, offer to sell, sell, or use Accused Product in the United States directly infringe at least one claim of the '298 Patent under 35 U.S.C. § 271(g).

21.     From at least the date of being put on notice of infringement by the plaintiff, but in no case later than the date of this Complaint, defendants knew or should have known that their steps of aggressively advertising, marketing, offering for sale, selling, demonstrating at trade shows or distributing the Accused Product cause, urge, encourage, or aid retailers, customers, contract manufacturers and others to directly infringe at least one claim of the '298 Patent. Defendants have therefore actively induced infringement of the '298 Patent under 35 U.S.C. § 271(b).

## COUNT III

### FALSE ADVERTISING

22.     Ohio Steel incorporates by reference the allegations of paragraphs 1-21 of this Complaint as if fully set forth herein.

23.     Defendants have published, via the YouTube internet website, a commercial advertising video at internet address https://www.youtube.com/watch?v=oAvhtMxnAkI entitled "The Gravel

Test". The video visually compares the performance of defendants' cart with two competing carts by dumping gravel from a front end loader into each of the carts and observing the results. The "tests" are not evenly applied to all three carts and the load limitations of the competing carts are exceeded, without explanation or disclaimer. As a result of the defendants' unfair demonstration, the competing carts fail. By falsely displaying negative characteristics of the Ohio Steel cart, defendants have misrepresented the nature, characteristics and or qualities of another person's goods in violation of § 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

## COUNT IV

### DECEPTIVE TRADE PRACTICES/PRODUCT DISPARAGEMENT

24. Ohio Steel incorporates by reference the allegations of paragraphs 1-23 of this Complaint as if fully set forth herein.

25. By falsely displaying negative characteristics of the Ohio Steel cart, defendants have defendants have disparaged the goods of another in violation of Ohio Law, ORC § 4165.02.

### DAMAGES AND OTHER HARM SUFFERED BY OHIO STEEL

26. As a result of the defendants' infringing and false advertising activities complained of herein, Ohio Steel has been damaged in an amount not yet determined. Ohio Steel has also been irreparably harmed by Defendants' patent infringement and false advertising practices. Ohio Steel will continue to suffer damages and irreparable harm until this Court permanently enjoins defendants from further infringement of the '298 Patent and publication of misleading advertising.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Ohio Steel respectfully requests that this Court enter a judgment:

(1) finding defendants liable to Ohio Steel for willful infringement of the '298 Patent;

(2) finding defendants liable to Ohio Steel for false advertising;

(3) finding defendants liable to Ohio Steel for deceptive trade practices;

(4) permanently enjoining defendants, their officers, agents, servants, employees, and attorneys, and those other persons or entities in active concert or participation with them, from infringing any claim of the '298 Patent until the '298 Patent expires;

(5) permanently enjoining defendants, their officers, agents, servants, employees, and attorneys, and those other persons or entities in active concert or participation with them, from falsely advertising their products;

(6) awarding Ohio Steel damages adequate to compensate it for defendants' infringement of the '298 Patent, including enhanced damages under 35 U.S.C. § 284, together with pre- and post-judgment interest on all damages;

(7) finding that this is an exceptional case under 35 U.S.C. § 285 and awarding Ohio Steel reasonable attorney fees, costs of suit, and such further and additional relief as this Court deems just and proper; and

(8) finding that the defendants intentionally engaged in deceptive trade practices and awarding Ohio Steel its reasonable attorney fees, actual damages and costs of suit as provided by Ohio law under ORC § 4165.

Respectfully submitted.

Date: January __ 2015

/James R. Eley/
James R. Eley, Trial Attorney
(OH Bar Reg. No. 0046646)
**ELEY LAW FIRM CO., LPA**
7870 Olentangy River Rd, Ste 311
Columbus OH 43235
patents@eleylaw.com
614-825-3539

Co Counsel:
John W. Hill, Jr.
(OH Bar Reg. No. 0019656)
Hill & DeWeese, LLC
7737 Olentangy River Rd
Columbus OH 43235
jhill@hadlaw.com
614-848-6500

James D. Liles
(OH Bar Reg. No. 0005547)
**PORTER WRIGHT MORRIS AND ARTHUR, LPA**
250 East Fifth Street, Ste 2200
Cincinnati OH 45202
jliles@porterwright.com
513-369-4209